IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW CEJAS,

        Plaintiff,                    No. CIV S-06-0536 FCD KJM P

    vs.

LOU BLANAS,                      ORDER AND

        Defendant.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with an action he filed using the form for a habeas corpus action by a state prisoner. 28 U.S.C. § 2254. He does not allege, however, that his continued confinement violates the federal constitution, a prerequisite for federal habeas corpus relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Instead he complains about an incident that occurred when he was a pretrial detainee at Sacramento County Jail, which are properly raised in a civil rights action under 42 U.S.C. § 1983. He has submitted an affidavit requesting leave to proceed in forma pauperis pursuant to 28 U.S.C.§ 1915(a)(1). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28U.S.C. § 636(b)(1).

/////

/////

1

1   The in forma pauperis statute permits federal district courts to

> authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action . . . and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A court may deny leave to proceed in forma pauperis if it appears from the face of the proposed complaint that the action is frivolous. Minetti v. Port of Seattle, 152 F.3d 1113 (9th Cir. 1998). In determining whether an action is frivolous, the court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Such allegations include those "describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Neitzke, 490 U.S. at 328; see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (finding of frivolousness appropriate when allegations are irrational or wholly incredible).

Plaintiff describes two incidents. On July 31, 2005, Deputies Saigon and Persson refused to let a group of inmates out to the day room because many inmates in the pod did not get up for count. He claims that when asked, deputy Saigon told the inmates that they all were being punished because of the actions of some. The second incident was on May 22, 2003, when Deputy Saigon cut short his session in the day room because several inmates refused to move away from the lower tier doors. Complaint (Compl.) at 1-2. Plaintiff contends these actions violated his right to due process and double jeopardy.

/////
/////
/////
/////

> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however.... And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into "punishment."

Bell v. Wolfish, 441 U.S. 520, 537 (1979).  Moreover, even if a restriction has an incidental punitive effect on a pretrial detainee:

> it is nonetheless constitutional if it also furthers some legitimate governmental objective such as addressing a specific institutional violation and is not excessive in light of the seriousness of the violation.

Collazo-Leon v. U.S. Bureau of Prisons, 51 F.3d 315, 318 (1st Cir. 1995).  Legitimate objectives include the maintenance of internal order in the jail.  Bell, 441 U.S. at 540.  Moreover, as the Ninth Circuit has recognized, a pretrial detainee has not been punished in a constitutional sense when he was deprived of exercise for a single day.  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998); compare Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996) (detainee stated a claim when he alleged that he was not released for exercise for seven weeks and had no room to exercise in his cell).

In this case, the deputies acted to maintain internal order by restricting access to the day room as a result of misbehavior.  Moreover, these isolated incidents have no constitutional significance.  This court cannot say that these two slight deprivations were undertaken with the purpose or the unintended consequence of punishing plaintiff for the acts which are the basis of his prosecution.  Collazo-Leon, 51 F.3d at 318.

Plaintiff also claims that these acts violated his right to avoid multiple punishment.  Although this claim may sound in habeas, it is also frivolous.  The Supreme Court "ha[s] long recognized that the Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, 'in common parlance,' be described as punishment." Hudson v.

1  United States, 522 U.S. 93, 98-99 (1997).  As noted above, even for the purpose of a civil rights

2  action, this alleged punishment has no constitutional significance.  "Applying the Fifth

3  Amendment to bar criminal prosecution in conjunction with these disciplinary measures would

4  stretch the protection of the Double Jeopardy Clause beyond its intended limits."  United States

5  v. Camacho, 413 F.3d 985, 991 (9th Cir. 2005).

6        Finally, plaintiff has requested a temporary restraining order, restraining future

7  sanctions imposed by the deputies.  Because this court has determined the underlying action to

8  be frivolous, however, there is no basis for a restraining order.

9        IT IS HEREBY ORDERED that plaintiff's request for a temporary restraining

10 order is denied.

11       IT IS HEREBY RECOMMENDED that plaintiff's request to proceed in forma

12 pauperis be denied and the action be dismissed.

13       These findings and recommendations are submitted to the United States District

14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

15 days after being served with these findings and recommendations, plaintiff may file written

16 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

17 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

18 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

19 F.2d 1153 (9th Cir. 1991).

20 DATED: April 16, 2007.

21                 U.S. MAGISTRATE JUDGE

23 2/ceja0536.56